# IN THE DISTRICT COURT OF THE VIRGIN ISLANDS
# DIVISION OF ST. CROIX

|  |  |  |
|---|---|---|
| **GEC, LLC,** | ) | |
| | ) | |
| Plaintiff, | ) | SX-18-CV-0058 |
| | ) | |
| v. | ) | CLAIM AGAINST PERFORMANCE BOND |
| | ) | |
| **ARGONAUT INSURANCE COMPANY** | ) | JURY TRIAL DEMANDED |
| | ) | |
| Defendant. | ) | |

## PLAINTIFF'S MOTION TO CONSOLIDATE

GEC, LLC, moves to consolidate this case (the "Argonaut Case") with another case now pending in this Court, *Alpha Technologies Services, Inc. v. GEC, LLC, et al.*, Civil No. 1:178-cv-00015 (the "Alpha Case") pursuant to Fed. R. Civ. P. 42(a). The Court should exercise its discretion to consolidate these cases as the issues of law and fact in the two cases are virtually identical and consolidation will promote judicial economy, and will not prejudice any party.

### Factual Background

Both the Alpha case and the Argonaut Case arise from a dispute concerning performance and payment under a subcontract (the "Micro-Grid Subcontract") between GEC (as General Contractor) and Alpha (as Subcontractor) for the procurement and installation of a solar/diesel hybrid electrical generation system (the "Micro-Grid") to be made part of Anna's Hope Affordable Housing Apartments at 110F Estate Anna's Hope, St. Croix, Virgin Islands (the "Affordable Housing Project").

In the Alpha Case, Alpha claims that it has performed the Micro-Grid Subcontract, in whole or in part, and it is entitled to substantial payments from GEC and/or its payment bonding company, Continental Casualty Company.

In its counterclaim in the Alpha Case, GEC contends, *inter alia*, that Alpha misrepresented its experience and competence in designing and constructing micro-grids, that Alpha is in breach of its subcontract to build a working micro-grid, that Alpha lacks the capacity to complete the Micro-Grid Subcontract, has been unjustly enriched to the extent that it has received any subcontract payments, and that it is liable to GEC in damages for breach of contract and fraud.

At the inception of the Micro-Grid Subcontract, Alpha posted a performance bond issued by Argonaut Insurance Company ("Argonaut"). In essence, Argonaut undertook to assure Alpha's performance of the Micro-Grid Subcontract under the terms and conditions of its bond.

At the time the Alpha Case was commenced, Alpha was still retained under its subcontract and was allegedly engaged in efforts to make the micro-grid work. It was not until July 23, 2018, that GEC served notice on Alpha of the termination of the Micro-Grid Subcontract.

On or about August 21, 2018, GEC made demand on Argonaut to honor its obligations under its performance bond.[1] On or about November 19, 2018, Argonaut

---

[1] Termination of the Micro-Grid Subcontract was a precondition of any demand by GEC against Argonaut. Thus, the demand could not reasonably have been made sooner.

denied GEC's claim under the performance bond. GEC promptly filed suit against Argonaut on November 21, 2018.

As can be seen from the pleadings, the allegations of GEC's counterclaim against Alpha and its claim against Argonaut under the performance bond are virtually the same.[2]

**Legal Standard**

"Rule 42(a), Federal Rules of Civil Procedure, confers upon a district court broad power, whether at the request of a party or upon its own initiative, to consolidate causes for trial as may facilitate the administration of justice." *Ellerman Lines, Limited v. Atlantic & Gulf Stevedores, Inc.*, 339 F.2d 673, 675 (3d Cir. 1964). "Rule 42(a) provides for consolidation when actions pending in the same court 'involve a common question of law or fact.'" *Abramsen v. Vilsack*, 2010 WL 2430724, at *1 (DVI June 14, 2010) (quoting *Richardson v. Virgin Islands Housing Authority*, 18 V.I. 351, 357 (D.V.I.1981)). In such instances, the court may: "(1) join for hearing or trial any or all matters at issue in the actions; (2) consolidate the actions; or (3) issue any other orders to avoid unnecessary cost or delay." *Yhan v. Hovensa, L.L.C.*, 2010 WL 3521877, at *1 (DVI Aug. 30, 2010) (quoting Fed.R.Civ.P. 42(a)). Factors weighing in favor of consolidation include: "(1) the possibility of inconsistent adjudication of common factual and legal issues; (2) unnecessary burden on parties and witnesses created by separate cases; (3) judicial economy; and (4) additional time requirements and expenses resulting from separate

---

[2] Compare, Civ. No. 17/015, Doc. No. 062, with Civ. No. 18/058, Doc. No. 1.

trials." *Stewart v. Whitecap Investment Corp.*, 2013 WL 1337892, at *2 (DVI 2013). Factors that disfavor consolidation include: "(1) prejudice to parties; (2) juror confusion; and (3) additional time requirements and expenses resulting from consolidation." *Id*. (citations omitted).

### Argument

The factors under Rule 42(a) weigh substantially in favor of consolidation. First, there are clearly common and factual issues. The facts determinative facts of both cases center on Alpha's performance of the Micro-Grid Subcontract. Either: GEC and its surety owe money to Alpha; or Alpha and its surety owe money to GEC. And to decide both cases, one must determine common facts. The liability of all parties turn on Alpha's performance under the Micro-Grid Subcontract. It would make little sense for Alpha's obligations to GEC, *vel non*, to be determined in a case separate from one determining Argonaut's obligations to GEC.

Moreover, given that GEC's Counterclaim against Alpha and its Complaint against Argonaut recite the same set of facts and will rely on the same legal arguments (that Alpha breached its obligations under the Subcontract), there would be a potential for inconsistent adjudication of common factual and legal issues were the cases not consolidated. Trying the cases separately places an unnecessary burden on the parties, as the parties would have to duplicate evidence, including the testimony of witnesses who do not reside in the Virgin Islands. Likewise, considerations of judicial economy weigh in favor of consolidation. While discovery has begun in the Alpha Case, that will

not likely impact the proceedings in the Argonaut Case as the facts and issues are nearly identical and the discovery obtained thus far will be used in both. *See, e.g., Yhan v. Hovensa, L.L.C.*, 2010 WL 3521877, at *1–2 (finding that "[a]lthough discovery has concluded in the first case . . . such discovery could be utilized in the second case, leaving little discovery to be conducted in the second case. . . [and] "[t]hus, any delay in the first case caused by consolidation would not be overly lengthy"). GEC is aware of no danger of prejudice to the parties or confusion of the issues, the cases against Alpha and Argonaut being virtually identical.

      Accordingly, given the close connection between the two cases in fact and law, GEC respectfully moves the Court to exercise its discretion to consolidate these matters and thereby conserve the resources of both parties and the Court.

                              Respectfully submitted,

                              HUNTER & COLE
                              Attorneys for GEC, LLC.

DATED: January 25, 2019          BY:   /s/Warren B. Cole
                                                Warren B. Cole, Esq.
                                                1138 King Street, Ste. 3
                                                Christiansted, VI  00820
                                                Tel.: (340) 773-3535
                                                Fax: (340) 778-8241
                                                wbcole@huntercolevi.com