| From: | Warren Bruce Cole |
|---|---|
| To: | "Dave Dreifuss" |
| Cc: | frank.bigelis@gmail.com; Maddalena Zefferino; Kyle R. Waldner |
| Subject: | RE: GEC, LLC v. Argonaut Insurance Company-Argonaut Document Production-Enclosed (Vol. II) |
| Date: | Wednesday, February 19, 2020 3:29:00 PM |

Dave:

Thank you for your response.

As I stated earlier, I have no argument with the proposition that attorney client communications between multiple clients/lawyers with a common interest are protected as per our statute. Such communications are subject to attorney-client privilege (i.e., communications involving multiple parties with common interests remain privileged). I think I could argue that Alpha can't assert the privilege here because Alpha never produced a privilege log. However, I'm not going to argue that either. However, in such circumstances the privilege can be waived by either party to those communications. Also, properly speaking, there is no such thing as a "Joint Defense Agreement" privilege. It is either privileged as an attorney client communication or it is privileged as attorney work product.

You have not clarified as to who retained Loweke Brill and/or Mr. Young. That does make a difference. Please clarify. If there is a written retainer memorandum

My only point is that whatever privileges (if any) may have attached to Mr. Young's communications to Mr. Lavitt and Frank (both attorneys) were waived when Mr. Lavitt cited Mr. Young's observations and his investigation in Argonaut's letter of denial of GEC's claim. Neither Argonaut nor Alpha can claim the protections of Fed. R. Civ. P. 26(b)(4)(D). Mr. Young was no longer merely an expert retained for trial preparation. He is an essential fact witness as to the nature and scope of Argonaut's investigation, the condition of the microgrid at the time of the inspection, whether he was impeded in his investigation, and the cause of the microgrid failure in August of 2018 – all of which Mr. Lavitt discussed at some length in his denial letter. Argonaut cannot rely on Mr. Young's report and observations in denying GEC's claim on the bond and yet suppress the very report and observations upon which it relied.

I am not interested those portions of the email string that were authored either by Mr. Lavitt or Frank.

By all means send the documents to Judge Cannon with your cover letter. Please state the grounds for claiming privilege as to each document (as to the email strings, include your bases for each separate communication within the string). I will file by tomorrow a request for in camera review. If you will consent, I will call his chambers to see about when a conference can be scheduled. I would plan on appearing in person. Certainly someone from Carl's firm could appear for Alpha. When would you folks find it most convenient?

Regards,

Bruce Cole

---

**From:** Dave Dreifuss [mailto:DDreifuss@dbplawfirm.com]
**Sent:** Wednesday, February 19, 2020 2:39 PM
**To:** Warren Bruce Cole
**Cc:** frank.bigelis@gmail.com; Maddalena Zefferino; Kyle R. Waldner
**Subject:** RE: GEC, LLC v. Argonaut Insurance Company-Argonaut Document Production-Enclosed (Vol. II)

Bruce: As I mentioned to you, a Joint Defense Agreement was executed with respect to this matter. In addition, before GEC filed suit, Argonaut was tendering its defense to Alpha which was being represented by Frank Bigelis and/or K & L Gates. Therefore, we needed to confer with him as to attorney work product and/or attorney client privilege as well. Frank believes that the documents which you are seeking to inspect are either subject to the Joint Defense Agreement, to privilege or both. We have no objection, nor does Frank, to providing them to Magistrate Cannon for his review. We will send him copies via Federal Express either today or tomorrow and will copy all counsel on the cover letter only. Will you be writing to him as well or should we ==indicate that GEC is requesting production of these documents, the nature of the objections and request an in camera review by him combined with a conference call during which he can advise of his decision?==

Further, the individuals you highlight in your email are the following: Jim Loewke, a consultant and head of the consulting/engineering firm of Loweke Brill based in upstate New York; Ram Shrivastava was an engineer who worked for Loewke Brill and George Kolakowski is an in house attorney for Alpha Technologies. Our position is that the presence of these individuals on emails do not waive any privilege as their communications fall under the Joint Defense Agreement and/or privilege.

Thank you.

---

**From:** Warren Bruce Cole <WBCOLE@huntercolevi.com>
**Sent:** Tuesday, February 18, 2020 2:17 PM
**To:** Dave Dreifuss <DDreifuss@dbplawfirm.com>
**Cc:** frank.bigelis@gmail.com; Maddalena Zefferino <mzefferino@dbplawfirm.com>
**Subject:** FW: GEC, LLC v. Argonaut Insurance Company-Argonaut Document Production-Enclosed (Vol. II)

Dave:

Please respond to my inquiry below.

Argonaut made Mr. Young a fact witness. The letter of denial liberally cites Mr. Young's report of the microgrid as grounds for denial of GEC's claim. It also claims (again, according to Mr. Young)

that GEC impeded Mr. Young's investigation.

The documents I've requested (redacted to remove portions written by counsel) cannot be the subject of privilege for either attorney-client communications or attorney work product.

If you disagree, then they need to be produced to Judge Cannon for in camera review.

Please advise your position so we can get this straightened out in advance of our depositions.

Regards,

Bruce Cole

---

**From:** Warren Bruce Cole
**Sent:** Friday, February 14, 2020 12:47 PM
**To:** 'Maddalena Zefferino'
**Cc:** frank.bigelis@gmail.com; Dave Dreifuss; Paul Mandal
**Subject:** RE: GEC, LLC v. Argonaut Insurance Company-Argonaut Document Production-Enclosed (Vol. II)

Dear Maddalena:

Thank you for the log.

For reference I attach a copy of 5 V.I.C. § 852, the statute governing attorney-client privilege in the Virgin Islands. My comments:

1. I don't believe that there exists such a thing as a "Common-Interest Joint Defense Materials" privilege.
2. I don't believe that there exists a privilege for communications that are merely agreed between the communicants to be "Confidential."
3. I do agree that the attorney client privilege is not waived by communication between several attorneys and their several clients where the clients have a common interest. But to be protected the communication must be "made for the purpose of facilitating the rendition of professional legal services to the client." (5 V.I.C. § 852(b).)
4. I also agree that communications between an attorney and the attorney's representative are privileged, but again only to the extent that the communication is "made for the purpose of facilitating the rendition of professional legal services to the client."
5. The privilege can be asserted only by the client. In this case, the client is Argonaut – Alpha never having produced a privilege log in this case.

I am also aware of Fed. R. Civ. P. 26(b)(4)(D). But that protection is limited to reports of experts retained only for trial preparation.

From the materials you have produced, I cannot determine who retained Mr. Lane Young to assist in the October 23, 2018, inspection. **Please produce the retention agreement (redacted if you**

**think necessary) so that I can determine the circumstances of his retention.**

Argonaut very clearly made Mr. Young a fact witness in this litigation by asserting in its letter of denial that GEC (via my oral communication to Mssrs. Young, Alldredge, and Bigelis on October 23, 2018) "prevent[ed] Mr. Young from effectively examining the facility." According to the letter of denial letter (attached): "As a result of GEC's failure to allow Argonaut to conduct its independent investigation, Argonaut is unable to validate or verify GEC's claim and therefore the claim is denied." Accordingly, Rule 26(b)(4)(B) is inapplicable.

There remains the issue of the attorney work product privilege. That protection applies only to materials prepared in anticipation of litigation, are in fact the product of the attorney's labors, and/or reflect the opinions, mental impressions, conclusions, or legal theories of counsel.

Quite clearly at issue in this case is whether Mr. Young was in fact thwarted by GEC in his examination/investigation of the functionality of the microgrid. This includes the undeniable fact that no inspection protocol was provided to GEC prior to the inspection despite a request for a protocol, and the assurance of Mr. Bigelis (who appears to have been in charge of Argonaut's inspection) that no action would be required of GEC (which had exclusive control of the manual transfer switch) and that site access was all that was required. Also at issue is the fact that Mr. Young decided not to try to blackstart the microgrid and attempt to charge batteries and push power through the inverter up to the transfer switch and run auxiliary loads.

Thus, we challenge the claims of privilege as to **Documents 54, 59, 60, and 63** as they appear on your privilege log. All are email strings, one with an attachment. I realize that email strings will likely include portions that are protected and will be subject to redaction (I am not interested in the portions written by attorneys). However, I very much doubt that Mr. Young's contributions will be protected given that he is an essential fact witness in the case. The attachment (to Document No. 59) is unlikely to be protected.

Please also identify the positions and affiliations of the following persons so I can evaluate the issue of waiver:

1. J. Loewke
2. R. Shrivastava
3. G. Kolakowski.

Please advise if you will agree to produce the documents to Judge Cannon for *in camera* inspection.

---

**From:** Maddalena Zefferino [mailto:mzefferino@dbplawfirm.com]
**Sent:** Thursday, February 13, 2020 7:39 PM
**To:** Warren Bruce Cole
**Cc:** frank.bigelis@gmail.com; Dave Dreifuss; Paul Mandal

**Subject:** RE: GEC, LLC v. Argonaut Insurance Company-Argonaut Document Production-Enclosed (Vol. II)

Bruce,

The privilege/redaction log is attached hereto.

Thank you.