**DISTRICT COURT OF THE VIRGIN ISLANDS**
**DIVISION OF ST. CROIX**

| | |
|---|---|
| GEC, LLC<br><br>　　　　　　　Plaintiff,<br><br>　　　　　-v.-<br><br>ARGONAUT INSURANCE COMPANY<br><br>　　　　　　　Defendant. | 1:18-cv-58-CAK<br><br>**OPINION AND ORDER** |

## MEMORANDUM OPINION AND ORDER

CHERYL ANN KRAUSE, Circuit Judge, sitting by designation.

THIS MATTER comes before this Court on Defendant's Motion for Reconsideration (Dkt. No. 126) of this Court's Memorandum Opinion and Order denying Defendant's Motion to Dismiss (Dkt. No. 26). For the reasons set forth below, the Court will GRANT Defendant's Motion for Reconsideration in part. The Court agrees that a full *Banks* analysis is appropriate in determining whether to adopt the majority rule set out in the Restatement concerning consequential damages. As set forth below, however, that analysis does not change the Court's decision to deny Defendant's Motion to Dismiss. Accordingly, an amended opinion denying Defendant's Motion to Dismiss will be filed concurrently with this opinion and order. The Court will DENY Defendant's Motion for Reconsideration in all other respects.

Argonaut is correct that the Court adopted the majority rule set out in the Restatement referencing consequential damages without conducting a full *Banks* analysis. The Court's amended opinion, filed concurrently with this order, incorporates that analysis.

Argonaut also is correct that, post-*Banks*, Virgin Islands courts are no longer "strictly bound" by the American Law Institute's interpretations in the Restatements under § 4 of Title 1 of the Virgin Islands Code. *Banks v. Int'l Rental & Leasing Corp.*, 55 V.I. 967, 984 (2011). But the Restatement rule, that consequential damages for breach of contract are available from sureties like Argonaut where the instrument does not bar them, still emerges as the governing rule here after a *Banks* analysis:

Per *Banks*, this Court must (1) research whether Virgin Islands courts have articulated an on-point rule, (2) analyze what the majority of other courts do, and then (3) determine "most importantly, which approach represents the soundest rule for the Virgin Islands." *Simon v. Joseph*, 59 V.I. 611, 623 (V.I. 2013).

First, this Court and the parties have not identified Virgin Islands authority on the availability of consequential damages for breach of contract by a surety where the underlying instrument is silent on the issue. Second, while Argonaut has identified at least one jurisdiction that it contends limits a surety's liability to only consequential damages expressly provided for, *see Wise Invs., Inc. v. Bracy Contracting, Inc.*, 232 F. Supp. 2d 390, 403 (E.D. Pa. 2002); *Downingtown Area Sch. Dist. v. Int'l Fid. Ins. Co.*, 769 A.2d 560, 566 (Pa. Commw. Ct. 2001), many other jurisdictions embrace the Restatement's rule permitting such damages even where the contract does not mention it, *see, e.g.*, *In re New Bern Riverfront Dev., LLC*, 521 B.R. 718, 723 (E.D.N.C. 2014); *Marshall Contractors, Inc. v. Peerless Ins. Co.*, 827 F. Supp. 91, 95 (D.R.I. 1993); *Hunt v. Bankers and Shippers Ins. Co. of N.Y.*, 73 A.D.2d 797, 798 (N.Y. App. Div. 1979); *Cont'l Realty Corp. v. Andrew J. Crevolin Co.*, 380 F. Supp. 246, 252 (S.D.W. Va. 1974). And while the Virgin Islands

courts have not picked a side in this debate, they have made clear that, as a general rule, parties can recover damages for "consequential loss [] caused by [a contract] breach." *Creative Minds, LLC v. Reef Broad., Inc.*, No. ST-11-CV-131, 2014 WL 4908588, at *7 n.36 (V.I. Super. Sept. 24, 2014) (citation omitted).

The only question, then, is whether suretyship presents a different posture such that this general rule should take flight. Having surveyed the relevant authority, I again conclude that it should not, and, where not explicitly bargained for in a suretyship contract, consequential damages are available in cases alleging a breach of the implied covenant of good faith and fair dealing. Even courts that acknowledge that "a performance bond is not intended to compensate for indirect losses" note that a surety's "*own* alleged breach of [a] performance bond" can give rise to liability beyond the bond's penal sum. *Marshall Contractors*, 827 F. Supp. at 95; *see also Associated Constr./AP Constr., LLC v. Hanover Ins. Co.*, No. 3:15-cv-1600 (MPS), 2018 WL 3998968, at *14 (D. Conn. Aug. 21, 2018) ("[A] surety's liability for the breach of a contract[], i.e., a surety's exposure when the bond is triggered and the surety performs its obligations under the bond, is distinct from a surety's liability when it breaches the terms of the bond."); *In re New Bern*, 521 B.R. at 723 ("Unlike a surety's liability for breach of its derivative obligations, absent express or implied language in the bond, a surety's liability for breach of its non-derivative, direct obligations may not be limited to the terms of the bond.").

Much of this analysis was present in this Court's original opinion denying Argonaut's motion to dismiss, and this Court will publish an amended opinion with a full *Banks* analysis per the above.

**CONCLUSION**

For the reasons discussed above, the Court GRANTS Defendant's Motion for Reconsideration in part and DENIES the motion in part.

SO ORDERED.

Dated: August 28, 2023

/s  
CHERYL ANN KRAUSE  
United States Circuit Judge